UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CR. ACTION NO. 12-00142** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHONDOLYN ROCHELLE BLEVINS** | **MAG. JUDGE KAREN L. HAYES** |

### RULING

Pending before the Court is Defendant Shondolyn Rochelle Blevins' ("Blevins") Motion to Dismiss Second Indictment with Prejudice Due To Speedy Trial Violations ("Motion to Dismiss") [Doc. No. 25] and her related Motion to Amend [Doc. No. 31]. The Government filed an Opposition to Defendant's motions. [Doc. No. 36]. For the following reasons, Defendant's Motion to Amend is GRANTED, and her Motion to Dismiss is DENIED.

### FACTS AND PROCEDURAL HISTORY

On January 26, 2011, Blevins was indicted on three counts: (1) possession with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) the possession of a firearm during and in relation to drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) the possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Blevins*, Case No. 11-00012 ("*Blevins I*") [Doc. No. 1].

During the pendency of *Blevins I*, there were a number of continuances related to Blevins' filing of two motions to suppress and her request for the dismissal of two appointed

attorneys.

By February, 2012, Blevins was representing herself. On February 1, 2012, the Court issued a minute entry setting trial for May 14, 2012, outside the seventy-day time period of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* *Blevins I* [Doc. No. 87]. However, the Court's minute entry did not contain a finding under 18 U.S.C. § 3161(h)(7).

At a hearing held on May 14, 2012, the Court considered and denied Blevins' Motion to Dismiss on the basis of Speedy Trial Act violations. *Blevins I,* [Doc. No. 109]. The Court entered findings in accordance with *Zedner v. United States*, 547 U.S. 489 (2006), finding that Blevins' trial was properly continued to May 14, 2012, because of other pending criminal matters on the Court's calendar.

However, on the same day, May 14, 2012, the Government filed a Request to Reconsider the Defendant's Motion to Dismiss Indictment, *Blevins I*, [Doc. No. 110]. The Government asked the Court to review and consider Blevins' Motion to Dismiss because the case law indicated that "general court congestion" is not a reason for setting a case for trial outside the Speedy Trial Act. *Id.*

The following day, May 15, 2012, the Court held another hearing. Upon reconsideration of the Motion to Dismiss in *Blevins I*, the Court agreed that dismissal was proper. However, the Court rejected Blevins' arguments and declined to dismiss *Blevins I* with prejudice. The Court found that there was no bad faith on the part of the Government or the Court in setting a trial date of May 14, 2012. The Court explained that the trial date was set after a review of the Court's heavy trial docket and based on the limited availability of the Court and the courtroom in Monroe, where there is only one presiding district judge and one courtroom equipped to accommodate felony jury trials. Nevertheless, out of an abundance of

2

caution, the Court granted the Motion to Dismiss without prejudice.

In the instant case, the Government obtained an Indictment against Blevins only three days later, May 18, 2012. Since that time, Blevins has filed a number of motions, some of which remain pending. Trial is currently set for August 27, 2012, in order to give the Court time to hear and consider Blevins' pending Motion to Suppress. *See* [Doc. No. 28].

In her Motion to Dismiss, Blevins now contends that her Speedy Trial Act and Sixth Amendment rights have been violated and the Indictment should be dismissed because of the Court's (1) abuse of discretion in failing to dismiss *Blevins I* with prejudice, (2) "Post Hoc Rationalization," (3) "Bad Faith Application of 18 U.S.C. 3161(h)(8) to Justify October 6, 2011 Trial Continuance," (4) lack of findings to support the February 1, 2012 continuance, (5) "open ended continuance," (6) "clear error to grant June 9, 2011 Trial Continuance Due to Plea Negotiations," and (7) "Clearly Erroneous Factual Findings."

On June 14, 2012, Blevins filed the pending Motion to Amend, adding two other reasons to support the instant Motion to Dismiss: the Court's "Ends of Justice Findings (October 6, 2011)" and "Judicial Misconduct." [Doc. No. 31].

The Government has responded that the Court properly dismissed *Blevins I* without prejudice, and there is no basis to dismiss the current Indictment.

## LAW AND ANALYSIS

The Speedy Trial Act requires that a defendant's trial "commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). However, in calculating this seventy-day period, certain periods of delay are excluded, including the delay attributable to pending

motions. *See* 18 U.S.C. § 3161 (h)(1)(D) (The period of delay resulting from "any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the seventy-day period). In addition, Section 3161(h)(7)(A) provides:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

While it is preferable for the court to make an ends of justice of determination "on the record at or near the time when it grants the continuance," the "findings must be put on the record by the time a district court rules on a defendant's motion to dismiss." *Zedner*, 547 U.S. at 507, 507 n.7. The Speedy Trial Act provides a non-exclusive list of factors a court may consider when determining whether to grant a continuance or set a trial outside the seventy-day period, but "general congestion of the court's calendar" is not a permissible basis. 18 U.S.C. § 3161(7)(B)-(C).

If a court determines that the Speedy Trial Act has been violated, the statute provides a non-exclusive list of factors in determining whether the dismissal should be with or without prejudice: (1) "the seriousness of the offense"; (2) "the facts and circumstances of the case which led to the dismissal"; and (3) "the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

In this case, the Court first determined that a Speedy Trial Act violation had occurred

4

on February 1, 2012, when trial was re-set for May 14, 2012.  Although the Court initially attempted to set the case for trial the same month, a jury was not available that quickly.  Because of other pending criminal trials in March and April, the Court then set Blevins' trial on the next date when both the Court and the courtroom were available.  Nevertheless, given the statute's provision that "general court congestion" is not an appropriate reason for a setting outside the Speedy Trial Act's seventy-day period, the Court concluded that a violation had occurred.

       The Court rejected Blevins' argument that her Indictment should be dismissed with prejudice.  Applying the statutory standard, the Court found at that time and again finds that the offenses with which Blevins is charged are serious.  She is faced with allegations that she committed one violation of the federal controlled substances laws and two counts of the federal firearms laws.  The controlled substance violation carries a mandatory minimum sentence of ten years and a maximum sentence of life, pursuant to 21 U.S.C. § 841.  Count 2, which charges her with possession of a firearm during and in relation to a drug trafficking crime, carries a mandatory sentence of five years, which runs consecutively to any other sentence.  18 U.S.C. § 924(c).  Finally, the felon-in-possession of a firearm violation carries a ten year maximum sentence.  18 U.S.C. § 922(g).

       Second, the Court found previously and again finds that the facts and circumstances of this case do not justify a dismissal with prejudice.  The Court found and again finds that there was no bad faith on the part of the Court or the Government.  Many of the delays in the case were occasioned by the motions filed by Blevins, and, particularly, by her desire to have both of her appointed attorneys dismissed.

       Third, the Court finds that the impact of reprosecution is not unfair to Blevins.  No

evidence has been lost, nor has any witness become unavailable. In fact, the Government has been instructed to give additional copies of evidence to Blevins. The Indictment was sought and obtained only days after *Blevins I* was dismissed. The interests of justice strongly favor reprosecution of Blevins.

Finally, to the extent that Blevins sought in her Motion to Amend to have the Court consider all her arguments, the motion is GRANTED. However, the Court rejects each of her remaining arguments. To the extent that Blevins contends that the Court could not engage in "Post Hoc Rationalization" on May 14, 2012, to support its decision to continue trial on February 1, 2012, the Supreme Court in *Zedner* permits the Court to later articulate its ends of justice finding for continuance. Morever, Blevins suffered no harm because the Court ultimately granted her Motion to Dismiss.

Further, the Court also rejects Blevins' ongoing argument that the Court's October 6, 2011 ends of justice determination was improper because the Court cited to 18 U.S.C. § 3161(h)(8), which refers to evidence located in a foreign country. At the prior hearing, both the Court and the Government explained that subsection (h)(7), the ends of justice determination, was previously numbered (h)(8). It was merely a clerical error for the Court to refer to the prior numbering in its ends of justice determination. The Court properly continued trial, finding that the ends of justice served by a continuance of trial outside the Speedy Trial Act period outweighed the public's and Blevins' interest in a speedy trial because an evidentiary hearing on Blevins' then-pending Motion to Suppress was necessary. There was certainly no "bad faith" in the Court's actions, nor was its ends of justice finding inadequate or improper in any way.

Additionally, to the extent that Blevins argues that "open ended continuances" are not

6

permissible, her argument is without factual merit because there were no open ended continuances in this case. Her case was continued on October 6, 2011, because of her pending Motion to Suppress, but the case was continued pending the resolution of the Motion to Suppress.

The Court also rejects Blevins' argument that the Court erred when it granted a continuance on June 9, 2011, on the basis of plea negotiations. Magistrate Judge Hayes specifically stated in her minutes that she granted a joint motion for continuance to allow the Court sufficient time to consider Blevins' first Motion to Suppress **and** to allow the parties time to continue to negotiate a possible resolution.

The Court also rejects Blevins' last argument that the Court has engaged in "Judicial Misconduct." Other than its ruling against her, Blevins has not articulated in any way how the Court has engaged in judicial misconduct. Thus, none of these reasons suffice to support Blevins' Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Amend [Doc. No. 31] is GRANTED, and her Motion to Dismiss [Doc. No. 25] is DENIED.

Monroe, Louisiana, this 27th day of June 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE