UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES | CRIMINAL NUMBER 12-00142 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| BLEVINS | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is defendant, Blevins', pro se motion to suppress, doc. # 18. Blevins seeks to suppress from evidence "the fruits of an illegal arrest and unreasonable search any [sic] evidence seized . . . pursuant to her arrest." Defendant also claims that statements should be excluded due to an "illegal arrest". She claims the affidavit upon which her arrest was based contained "intentional misrepresentations". She also claims the prosecution is in bad faith, that audio and video evidence was altered by agents of the government, that officers failed to knock and forcibly entered defendant's home, that an unlawful search and seizure was conducted. Finally she claims that she was not given her Miranda rights.

By supplemental motion, defendant complains of ineffective assistance of counsel, prosecutorial misconduct and "false evidence/perjured testimony".

This case is the successor to docket number 11-00012. In that case an identical indictment was dismissed on speedy trial grounds, resulting in defendant's re-indictment in this case. Before the case was dismissed, defendant filed two motions to suppress (doc's. # 18 and 59) asserting

the same grounds as now alleged here.[1] Two hearings were held by Magistrate Judge Hayes with regard to the motions and two hearings were conducted. Two Reports and Recommendations were issued by Judge Hayes. Judge Hayes recommended that the motion, doc. #18, be granted in part and only to the extent of excluding defendant's alleged statements that "there was crack hidden all over the house" but recommending denial of all other grounds and denial of the second motion, doc. #59. The district judge adopted both Reports and Recommendations. See doc's. #41 and 82.

In the instant case, the court advised the parties that it would consider the prior testimony and evidence in 11-00012 since it would be a waste of everyone's time to have witnesses testify to the same information they had previously testified to. However the parties were advised that they would be permitted to present any additional evidence or argument as to the issues presented, including those set forth in the supplemental motion to suppress, which were not presented to Judge Hayes in the prior case. Evidence allowed was not limited to "new" evidence and the parties were free to present any additional evidence on the issues related to the motion to suppress, as supplemented.

A hearing was then held on July 12, 2012 to receive additional evidence and argument. The government filed an original and supplemental brief but chose not to produce additional evidence. Defendant did not present additional evidence. However, defendant advised the court that, although the court had previously approved CJA funds for her to use to employ an expert (see doc. #35) with regard to her allegations that the audio and video had been altered, she had not yet employed an expert. The court granted defendant an additional 14 days within which to

---

[1] The only new claims in this case are those set forth above made in defendant's supplemental motion to suppress.

employ an expert and encouraged defendant to utilize the assistance of her stand-by counsel to employ an expert. See doc. #59. The hearing on the motion to suppress was continued for the purpose of receiving any expert testimony defendant wished to offer. Defendant failed to notify the court that she had retained an expert and, at the pre-trial conference in open court on July 31, 2012, defendant submitted a list of "experts" she had contacted about taking her case but she still had not retained one. As the transcript of that proceeding reveals, defendant seemed more interested in reserving her right to appeal the issue of her not having an expert than in hiring one. Therefore, the court made it perfectly clear that, if she wanted an expert, she could have one and the court would continue her trial if necessary in order for her expert to perform his work and prepare for trial. Defendant was thus given another extension of time, until August 10, 2012, in which to retain an expert.

I have reviewed the evidence including the transcripts of testimony at the two hearings before Magistrate Judge Hayes.[2]

A thorough statement of the facts of the case was set forth in Magistrate Judge Hayes' two Reports and Recommendations, doc's. #34 and 68, and thus will not be repeated here. Further, Judge Hayes thoroughly evaluated the evidence and, with the exception noted as to the one statement of defendant, found no legal reason to suppress evidence in this case. Judge Hayes has accurately set forth the facts of the case and I agree with Judge Hayes' analysis and conclusions she reached in the two reports. I adopt those Reports and Recommendations here, as no additional evidence has been presented since they were issued and were subsequently adopted by the district judge.

Defendant's new claims set forth in her supplemental motion are prosecutorial

---

[2] See United States v. Carreon-Palacio, 267 F.3d 381 (5th Cir. 2001).

misconduct, ineffective assistance of counsel and "false evidence/perjured testimony". Defendant has presented no evidence as to these allegations. Her claim that the government engaged in prosecutorial misconduct concerns her belief that audio and video evidence has been altered and that the government was complicit in the altering or, at the very least, has not turned over to her an unaltered copy of the evidence. The government has provided defendant with several copies of the electronic evidence. Defendant complained that she had given the copies to family members so they could assist her with locating an expert witness with regard to her allegations that the recordings had been altered. Therefore, the court ordered the government to provide defendant an additional copy of the recordings. The government has attested that the recordings are not altered and that it has provided to defendant the only recordings they possess. Defendant has produced no evidence that the government has failed to turn over evidence. Defendant has not alleged that the government has failed to turn over any other specific evidence.

Defendant's allegations of "false evidence/perjured testimony" concern her unsupported allegation regarding alteration of the tapes and her allegation that, at the hearings before Magistrate Judge Hayes, witnesses testified falsely. Again, defendant has presented no evidence that either occurred, even though she was provided an opportunity to do so.

As to defendant's complaint that she has had ineffective assistance of counsel, the record reflects that defendant has had two attorneys. Federal Public Defender Betty Lee Marak represented defendant in the prior proceeding (11-00012). Defendant was unhappy with her representation and filed a disciplinary complaint against her. Judge Hayes allowed Marak to withdraw as counsel. Attorney Robert S. Noel was appointed and defendant sought to remove him as her counsel. That motion was granted and defendant was granted leave to represent herself, but Mr. Noel was appointed to serve as Blevins' stand-by counsel over her objection.

In the instant case, plaintiff sought and was granted leave to represent herself, but Mr. Noel was again appointed as her stand-by counsel. No evidence has been presented that either attorney has been ineffective. Further, now that defendant represents herself, she is free to correct any mistakes she believes they made and there has been adequate time for her to do so. Finally, the issue of ineffective assistance of counsel should properly be considered on appeal, not before the district court. This court has done all it can do to satisfy defendant's complaints by permitting defendant to represent herself and by appointing stand-by counsel.

In summary, the claims made in defendant's supplemental motion to suppress are without basis and are frivolous.

For the foregoing reasons, IT IS RECOMMENDED THAT, (unless defendant timely, by August 10, 2012, names an expert and provides evidence that the expert is employed by her) for the reasons assigned by Magistrate Judge Hayes which I adopt as my own and those set forth above, the statement made by defendant that "there is crack hidden all over the house" be suppressed but that the Motion to Suppress, doc. #18, be otherwise DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have until Friday August 17, 2012 to file specific, written objections with the clerk of court.  A party may respond to another party's objections within five (5) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling. <u>No extensions of time to object will be granted.</u>

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN THE TIME SET FORTH ABOVE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 9th day of August, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE