UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CR. ACTION NO. 12-00142** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHONDOLYN ROCHELLE BLEVINS** | **MAG. JUDGE JAMES D. KIRK** |

**RULING**

A jury trial was held in the above-referenced case on August 29, 2012. The jury convicted Defendant Shondolyn Rochelle Blevins ("Blevins") of one count of possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); one count of possession of a firearm during and in relation to drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On September 10, 2012, Blevins placed in the prison mailing system a Motion for Judgment of Acquittal [Doc. No. 96].[1]

---

[1] Under Federal Rule of Criminal Procedure 29(c)(1), a defendant may move for judgment of acquittal within fourteen days after a guilty verdict. Thus, Blevins' Motion for Judgment of Acquittal had to be filed by September 12, 2012. Although the motion was not received by the Clerk of Court until September 19, 2012, Blevins dated her motion September 10, 2012. Although she did not provide the Court with an affidavit or declaration, there is no evidence to indicate that Blevins fraudulently dated her motion. *See generally* Fed. R. App. P. 4(c)(1) ("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid). Accordingly, the Court has treated her motion as timely filed.

Pursuant to Federal Rule of Criminal Procedure 29, a defendant may move for a judgment of acquittal after a guilty verdict. When deciding whether to grant a Rule 29 motion for judgment of acquittal, the Court must "consider the evidence, all reasonable inferences drawn from it and all credibility determinations in the light most favorable to the government, and [determine] if a reasonable jury could find the offense's essential elements beyond a reasonable doubt." *United States v. Medina*, 161 F.3d 687, 872 (5th Cir. 1998); *see also United States v. Rena*, 981 F.2d 765, 771 (5th Cir. 1993). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty," but the Government "must do more than pile inference upon inference." *United States v. Maseratti*, 1 F.3d 330, 337 (5th Cir. 1993) (citations omitted).

In this case, Blevins summarily concludes that the Government's evidence "was insufficient as a matter of law to support the conviction" on Counts 1, 2, and 3. [Doc. No. 96, ¶ 3]. She provides no evidence or argument to support her contention.

Having heard the evidence at trial and under the standard applicable to a Rule 29 motion, the Court finds that a reasonable jury could have found that the Government proved the essential elements of Counts 1, 2, and 3 beyond a reasonable doubt. Therefore, Blevins' Motion for Judgment of Acquittal [Doc. No. 96] is DENIED.

MONROE, LOUISIANA, this 24th day of September, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE