UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CR. ACTION NO. 12-00142** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHONDOLYN ROCHELLE BLEVINS** | **MAG. JUDGE JAMES D. KIRK** |

**WRITTEN REASONS FOR RULING ON OBJECTIONS TO
PRE-SENTENCE REPORT**

On August 29, 2012, Defendant Shondolyn Rochelle Blevins ("Blevins") was found guilty by a jury of her peers of three counts: possession of intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 3).

On December 3, 2012, a sentencing hearing was held. Blevins raised twenty-two objections to the Pre-Sentence Report. Additionally, Blevins raised, for the first time, an objection that she had not been provided timely notice of the Government's intent to seek a sentencing enhancement under 21 U.S.C. § 851. After discussion with counsel for the Government, Blevins, and Blevins' stand-by counsel, the Court continued the sentencing hearing until January 7, 2013.

The sentencing hearing was held on January 7, 2013. At that time, Blevins raised late objections to the Pre-Sentence Report. The United States Probation Office responded to those objections verbally. After considering the arguments of the parties and the response of the Probation Office, the Court denied all Blevins' objections, both those previously raised and those raised at the

hearing. The Court subsequently issued Written Reasons for Ruling on Objections to the Pre-Sentence Report. [Doc. No. 108].

In its written reasons for the ruling on Blevins' objection to the § 851 sentencing enhancement, the Court recounted this case's lengthy procedural history. Blevins was originally indicted on January 26, 2011, in the Western District of Louisiana and charged with the same three counts as in this Indictment. *United States v. Blevins*, 11-00012 ("*Blevins I*"). In 2011, as part of a plea offer, the Government sent several documents to Blevins' then-counsel of record, Betty Marak. Among those documents was a draft "Information to Establish Prior Conviction," notifying Blevins of the Government's intent to seek a sentencing enhancement on the basis of her 1994 Ouachita Parish drug conviction. The Information to Establish Prior Conviction was filed in *Blevins I* on April 30, 2012. [11-00012, Doc. No. 99]. The original case was later dismissed by the Court without prejudice on the basis of possible Speedy Trial violations.

After the Indictment in the present case was filed, on August 28, 2012, the morning before trial began, the Government filed another Information to Establish Prior Conviction [Doc. No. 86]. According to the Government's counsel, a copy of the Information was provided to Blevins on the morning of trial. Blevins denies having been given this Information, although she does not specifically deny that the Government placed the Information on the defense table that morning.

Under these facts, the Court found that Blevins knew as far back as 2011 that the Government intended to seek a statutory enhancement of her sentence, but she never provided written notice that she intended to contest the conviction. The Court further found that Blevins did not deny that she had the 1994 conviction, even at the January 7, 2013 hearing. The Court thus denied her objection to the § 851 sentencing enhancement.

After denying her objections, the Court sentenced Blevins to serve a term of 120 months imprisonment on Count One; 110 months imprisonment on Count Three, to run concurrently; and 60 months on Count Two, to run consecutively to Counts One and Three. The Court's Judgment [Doc. No. 109] was filed in the record the following day, January 8, 2013.

On January 17, 2013, Blevins timely filed a notice of appeal to the United States Court of Appeals for the Fifth Circuit.

On June 16, 2014, the Fifth Circuit issued an Opinion, affirming Blevins' conviction on all counts, affirming her sentence on Counts Two and Three, but vacating her sentence on Count One. The Fifth Circuit ruled that this Court could **not** rely on the notice provided to Blevins with her first Indictment. Instead, this Court could only consider whether the § 851 information was filed and Blevins was served with the information before trial on her second Indictment. The Fifth Circuit instructed this Court to make factual findings as to whether the information was filed and Blevins was served with the information, that is, the notice, before trial commenced. The Fifth Circuit's mandate issued on July 25, 2014.

On October 6, 2014, the Court held a re-sentencing hearing. At that time, Blevins, who was then representing herself, *pro se*, requested that she be appointed counsel. The Court granted her request and appointed Robert Noel to represent her. The Court then continued the sentencing hearing to November 4, 2014.

On November 4, 2014, the Court again convened a re-sentencing hearing. At that time, Blevins and her counsel, Mr. Noel, advised that she needed further time to review the case and file any appropriate motions. The Court again continued the hearing to January 5, 2015. The Court also instructed the Probation Officer to issue a Third Addendum to the Pre-Sentence Report to recalculate Blevins' Guideline range of imprisonment after application of the changes to the drug table.

On November 16, 2014, the Probation Officer issued the Third Addendum to the Pre-Sentence Report, showing that Blevins' offense level had been reduced from 26 to 24 based on the changes to the drug table. No objections to the recalculation were submitted by the Government or Blevins.

On November 19, 2014, Blevins filed a motion for departure from the United States Sentencing Guidelines. [Doc. No. 163].

On January 5, 2015, the Court re-convened the re-sentencing hearing for the third time. Present were Blevins and her counsel and Assistant United States Attorney ("AUSA") Joseph Jarzabek on behalf of the Government. The Court first notified all counsel that it found no reason to and did not intend to take evidence or arguments on any of Blevins' previous objections. The hearing was limited to the issue of whether the § 851 notice was properly filed and served on Blevins before commencement of trial.

The Government presented testimony from Allison Bushnell ("Bushnell"), the AUSA who prosecuted the case against Blevins after the first and second Indictments. Bushnell testified that on the evening before trial she realized that the § 851 notice had not been filed or served. She was unable to file the notice that evening, so the following morning, before trial commenced, she filed the notice electronically. She then placed a copy of the notice on the defense table in front of the chair where Blevins had been sitting, also before trial commenced. Although Bushnell is certain that she placed the notice on the table, Blevins was not present at the time, and Bushnell was unsure when Blevins arrived in the courtroom. Bushnell did not specifically see either Blevins or her stand-by counsel pick up the notice. Bushnell also did not recall what papers or binders were on the table, but could not contest counsel's[1] recollection that there were multiple files and papers on the defense

---

[1] Mr. Noel was Blevins' stand-by counsel during her trial, and he served as her counsel during the sentencing hearing.

table.

After a recess, the Court ruled that Bushnell's testimony was insufficient to establish that Blevins was served with the § 851 notice prior to the commencement of trial. In reaching this determination, the Court found Bushnell's testimony to be credible, but noted the great significance of a § 851 enhancement. Based on Bushnell's testimony and the facts presented, the Court could not find that Blevins had, in fact, received the notice required. Accordingly, the Court granted Blevins' objection, sentenced her to serve a term of imprisonment under the recalculated Guideline ranges of 92 months on Count One; 92 months on Count Three, to run concurrently; and 60 months on Count Two, to run consecutively to Counts One and Three. The Court further stated that all other provisions of its January 8, 2013 Judgment would be incorporated into the Amended Judgment to issue shortly.

MONROE, LOUISIANA, this 6th day of January, 2015.

*/s/ Robert G. James*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE