U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY - 5 2016

TONY R. MOORE, CLERK
BY: _____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| UNITED STATES OF AMERICA | CIVIL ACTION NO. 3:12-CV-00142 |
|---|---|
| VERSUS | JUDGE JAMES |
| SHONDOLYN ROCHELLE BLEVINS | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the Court is a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 by petitioner Shondolyn Rochelle Blevins ("Blevins") on June 12, 2015 (Doc. 172) and amended on July 27, 2015 (Doc. 183). Blevins is contesting her January 2015 convictions by a jury in the Western District of Louisiana for possession with intent to distribute crack cocaine, possession of a firearm in furtherance of a drug-trafficking offense, and felon in possession of a firearm.[1] Blevins received an amended sentence of a total of 152 months imprisonment (Doc. 170).[2] Blevins is presently confined in the Federal Correctional Institution in Tallahassee, Florida (Doc. 189).

Blevins raises the following grounds for relief in her motion (Doc. 183):

1. Ineffective assistance of counsel on direct appeal.

---

[1] Blevins was previously indicted on the same charges, but that case was ultimately dismissed without prejudice for Speedy Trial Act violations. See USA v. Blevins, No. 3:11-CR-00012 (W.D. La.). Blevins was re-indicted on the same charges under the above-captioned case number.

[2] Blevins was initially sentenced to 120 months on Count 1, which included a 60-month firearm enhancement (Doc. 166). Blevins was re-sentenced to 92 months imprisonment on Count 1.

2. Ineffective assistance of counsel in her November 1, 2011 motion to suppress.
3. Fabrication of evidence (un-viewable video tapes) by the prosecutors and defense attorneys.
4. Blevins' convictions were obtained by use of evidence seized pursuant to an unlawful arrest.
5. The fabricated surveillance videos invalidated the Court's good-faith exception ruling.
6. Blevins's convictions were obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
7. Blevins was convicted of two crimes with which she was not charged and which are not federal offenses: possession of a firearm during a drug-trafficking offense and possession of a firearm by a convicted felon.
8. The Court abused its authority and discretion when it denied Blevins's request for a continuance.
9. Blevins's conviction was obtained pursuant to the unconstitutional failure of the prosecution to disclose evidence favorable to her during the motion to suppress and at trial.
10. The judgment and sentencing on Counts 2 and 3 should be overturned for ambiguity.

Blevins's § 2255 motion is before the undersigned for review.[3]

Facts

The facts of this case as set forth by the United States Fifth Circuit Court of Appeals at U.S. v. Blevins, 755 F.3d 312 (5th Cir. 2014), are as follows:

> On August 24, 2010, an unidentified resident of Ouachita Parish, Louisiana made a complaint about Blevins to the Louisiana State Police. State Police Officer Chris Hollingsworth responded to the complaint and learned that Blevins was reputed to sell crack cocaine. Based on this information, Hollingsworth decided to recruit a confidential informant ("CI") to investigate whether Blevins was illegally selling drugs. The CI and Hollingsworth conducted five controlled crack purchases from Blevins.

---

[3] See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part: "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

The purchases, with one exception, were conducted in the following manner. Hollingsworth wired the CI with an electronic monitoring device and searched the CI for contraband. On their way to meet Blevins, Hollingsworth and the CI stopped at a local convenience store so that the CI could buy candy and soft drinks to offer Blevins as a "peace offering." Hollingsworth then dropped off the CI a few blocks from the place where the transaction was to occur, while other officers conducted rolling surveillance. Hollingsworth parked his vehicle in a nearby parking lot, watched the CI enter the residence, and listened to an audio transmission of the transaction. Immediately following the purchase, the CI returned to Hollingsworth and produced a rock-sized quantity of crack cocaine.

Following these transactions, Hollingsworth obtained an arrest warrant from a Ouachita Parish judge on October 7, 2010. Seven police officers executed the arrest warrant five days later. The officers approached Blevins' trailer at 7:15 a.m., knocked loudly on the door, and announced themselves as "State Police." Blevins opened the trailer's door but immediately retreated to the back of the trailer without closing the door. Hollingsworth entered the trailer, ordered Blevins to get on the floor, and handcuffed her. The other officers performed a security sweep of the house.

As the officers were performing the security sweep, Hollingsworth asked Blevins if she had drugs in her trailer, to which she responded that there is "crack hidden all over this house." Hollingsworth allowed Blevins to put on more clothes and asked for permission to search the trailer. He also asked Blevins to sign a consent-to-search form. Blevins responded, "Well, I'm not going to sign the form but you can search and look wherever you want." The officers conducted a ten-minute search which revealed the following items, most of which had been noticed by the officers during the security sweep: a loaded Lorcin .380 caliber pistol on the floor near Blevins, a rock of crack cocaine on the kitchen stove, an open pill bottle containing more than one hundred rocks of crack cocaine, a few bags of marijuana and a partially burned marijuana cigar, and a loaded magazine with over five rounds of ammunition. The officers also opened a heart-shaped box lying near the pill bottle, which contained more rocks of crack cocaine.

The officers arrested Blevins and transported her to a nearby Louisiana State Police field office. There, Hollingsworth reviewed a written advice-of-rights form with Blevins, portions of which Blevins initialed as she understood them. Blevins then gave a detailed statement admitting that she had acquired the crack cocaine from a local woman so that she

3

could sell it to support herself. She further admitted that she purchased the Lorcin pistol for safety.

Rule 8(a) Resolution

The Court is able to resolve this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact relevant to the claims of the petitioner, and the court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

Law and Analysis

The Law of §2255 Actions

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." See 28 U.S.C. § 2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir.), cert. den., 504 U.S. 962 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. See Cates, 952 F.2d at 151; see also U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and which would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not,

may not be asserted in a collateral proceeding. See U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); see also U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995).

It is settled in this circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions. See U.S. v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986), cert. den., 476 U.S. 1118 (1986); see also U.S. v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

1. Ineffective Assistance of Counsel on Direct Appeal

Blevins contends she had ineffective assistance of counsel on direct appeal because her appellate counsel failed to raise the following grounds on appeal: (A) appellate counsel failed to appeal numerous issues due to fear of the appellate court judges; (B) the jury convicted Blevins of possession of a firearm during a drug-trafficking offense, which was a crime she was not on trial for; (C) appellate counsel failed to appeal the trial judge's denial of Blevins's request for a continuance; and (D) appellate counsel failed to appeal Blevins's conviction on Count 3.

To prevail on a habeas complaint of ineffective assistance of counsel, a complainant must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 692 (1984): (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. A defendant is prejudiced if there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Strickland, 466 U.S. at 694.

The entitlement to effective assistance does not end when the sentence is imposed, but extends to one's first appeal of right. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999) (citing Evitts v. Lucey, 469 U.S. 387, 394 (1985); Green v. Johnson, 160 F.3d 1029, 1043 (5th Cir. 1998)). Counsel's appellate performance is judged under the same Strickland standard applicable to trial performance. When a claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, the prejudice prong first requires a showing that the Fifth Circuit would have afforded relief on appeal. United States v. Reinhart, 357 F.3d 521, 530 (5th Cir. 2004) (citing United States v. Phillips, 210 F.3d 345, 350 (5th Cir. 2000)).

A.

First, Blevins contends that her appellate counsel failed to appeal numerous issues due to fear of the appellate court judges. Blevins does not list or brief any issues that were not appealed except those set forth below. Therefore, Blevins has not shown she had ineffective assistance of counsel in this respect.

B.

Next, Blevins contends her appellate counsel was ineffective for failing to appeal on the basis that she was convicted of a crimes she was not on trial for– possession of a firearm during a drug-trafficking offense. Blevins was charged by indictment (Doc. 1) with: (1) possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1); (2) possession of a firearm during or in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A); and (3) felon in possession of a firearm, 18

U.S.C. § 922(g)(1),[4] all of which are federal offenses. Blevins was convicted by a jury on all three counts of the indictment. Accordingly, Blevins was charged with and tried for the offenses on which she was convicted. Blevins has not shown that she had ineffective assistance of counsel.

C.

Blevins also contends her appellate counsel was ineffective for failing to appeal the denial of her request for a continuance, which resulted in a miscarriage of justice. Blevins appears to be referring to her request for an extension of time to hire a video expert. Blevins was granted three extensions of time to hire an expert (Docs. 35, 56, 69). With the last extension, Blevins had until August 20, 2012 to employ an expert to determine whether the video surveillance recording had been altered (Doc. 69). It was noted that Blevins had rejected the help of stand-by counsel, who had located an expert (Doc. 66), and that Blevins's trial was scheduled for August 29, 2012 (Doc. 66).

Blevins then requested a continuance of her trial to December 2012, to give her expert time to review the recording, but conceded she had never actually retained an expert because the expert she found charged too much (Doc. 84). Blevins also asked for a continuance so she could get CJA funds to find someone who could support her contention that the video recording of her probation revocation hearing had been altered (Doc. 84). The district judge denied Blevins's last motion to continue trial and grant her additional funds because each of her two court-appointed defense attorneys had filed a motion to suppress on her behalf, neither had found any indication that

---

[4] There was also a forfeiture count in the indictment, for forfeiture of the pistol and ammunition, 18 U.S.C. § 924(d)(1).

7

the videos had been altered, she had already had three extensions of time, she had the assistance of stand-by counsel, and she was able to freely use the prison telephones (Doc. 84). The district judge further noted that Blevins had only identified one potential expert, whom she could not afford, and she had no evidence to support her contention that the recordings and transcripts had been altered (Doc. 84). Finally, the district judge noted that the Government stated it would not offer any of the contested audio-video recordings into evidence at trial, and they were not included on the Government's exhibit list (Doc. 84). The district judge denied Blevins's fourth motion for a continuance (Doc. 84).

Since the contested audio/video recordings were not used against Blevins at trial, she did not require an expert or a witness to prove they had been altered and she did not need a fourth continuance of her trial. Since Blevins cannot show that any prejudice arising from her inability to prove the recordings were fabricated or altered, Blevins has not shown that her appellate counsel was ineffective for failing to appeal the denial of her motion for a continuance.

### D.

Next, Blevins contends her attorney was ineffective for failing to appeal her conviction on the basis that the district judge directed a verdict on Count 3, possession of a firearm by a convicted felon. Blevins appears to be referring to the fact that Blevins and the prosecutor jointly stipulated in writing that Blevins had previously been convicted of a felony offense (Doc. 90). When he instructed the jury, the district

8

judge informed the jury of the stipulation as to Count 3 and told the jury it must accept that element of the offense as proven due to the stipulation (Doc. 91, p. 11/15).

The district judge did not "direct the verdict." He simply informed the jury of the joint stipulation and its effect on the government's burden of proof and the jury's findings of fact. Since the district judge did not "direct the verdict" on Count 3, Blevins's appellate counsel was not ineffective for failing to raise this issue on appeal.

### 2. Ineffective Assistance of Counsel on Motion to Suppress

Blevins contends she had ineffective assistance of counsel during the November 2011 hearing on her motion to suppress. Blevins contends her attorney submitted five "fraudulent" videos into evidence, assisted the prosecution, and represented Blevins in bad faith.

Blevins was originally charged by indictment on January 26, 2011. See USA v. Blevins, No. 3:11-CR-00012 (W.D. La.). That indictment was dismissed for speedy trial violations on May 15, 2012 (Doc. 112). Prior to dismissal, a hearing on Blevins's second motion to suppress was held on November 1, 2011 (Doc. 65).

Blevins cannot show prejudice arising from ineffective assistance of counsel during the November 2011 hearing on her motion to suppress because that indictment was ultimately dismissed. Therefore, Blevins has not carried her burden of proving she had ineffective assistance of counsel.

### 3 & 4. Altered Videos and Unlawful Arrest

Next, Blevins contends the state and federal prosecutors, the state police, and her defense attorneys fabricated evidence against her (un-viewable videotapes), and

that the controlled drug buys alleged in the 2010 arrest warrant never occurred. Blevins contends the videos were fabricated in 2011, one year after the controlled buys allegedly occurred. Blevins also contends her convictions were obtained by use of evidence obtained pursuant to an unlawful arrest. Blevins alleges the police did not actually possess the evidence alleged in the arrest warrant (cocaine purchased in five controlled buys), that the controlled buys never occurred, and that the affiant lied.

Blevins filed a motion to suppress in this case (Doc. 18) and a hearing was held (Doc. 67). At the hearing, Blevins did not adduce any evidence as to her claims of perjury and fabricated evidence; the government produced testimony as to the controlled buys and to show the recordings had not been altered; and Blevins's motion to suppress was denied. As discussed above, the Court granted Blevins several opportunities to prove her claim of altered/fabricated videos, but she never adduced any evidence to support that claim. Blevins has not produced any evidence to show videos were altered or fabricated, or that the affiant lied to get the arrest warrant. Blevins also has not shown how the government used the allegedly fabricated/altered videos against her. The videos were not used to support Blevins's arrest warrant or at Blevins's trial.

The Fifth Circuit upheld the validity of her arrest warrant and arrest on direct appeal. See Blevins, 755 F.3d at 324-26. Therefore, Blevins has not carried her burden of proving misconduct by the prosecutors, defense attorneys, and police; that

her arrest was unlawful; or that the evidence seized pursuant to her arrest was seized illegally.

5. Good Faith Exception

Blevins further contends the affiant for her arrest warrant lied about the five controlled buys that allegedly took place in 2010, and that the false affidavit invalidates the Court's good-faith exception ruling.

Evidence obtained during the execution of a subsequently invalidated warrant is not excluded if the officer executing the warrant relied on it in good faith. See U.S. v. Gibbs, 421 F.3d 352, 357 (5th Cir. 2005); see also U.S. v. Smith, 354 Fed.Appx. 99 (5th Cir. 2009) (good faith exception also applies to arrest warrants). On Blevins's motion to suppress the evidence seized from her residence in the 2011 case (cocaine, a pistol, and ammunition) (Docs. 59, 68, 82 of Case No. 1:11-CR-00012 (W.D. La.)), the Court held that, even if Blevins's arrest warrant was invalidated, the evidence from her residence was admissible pursuant to the good faith exception.

To the extent Blevins raises her argument with respect to the 2011 hearing, Blevins cannot show prejudice since that indictment was ultimately dismissed.

The same issues were raised in a motion to suppress in Blevins's 2012 case (Doc. 18). A hearing was held in this (2012) case, also, but no new evidence was introduced (Doc. 41). The reasoning and findings in the 2011 ruling, denying Blevins's motion to suppress, were adopted in this case (Doc. 67) and the district judge denied Blevins's motion to suppress[5] (Doc. 81). On direct appeal of Blevins's

---

[5] Blevins's motion to suppress was granted only as to her statement to the police, at the time of her arrest, that there was "crack hidden all over the house" (Docs. 67, 81).

11

convictions, the Fifth Circuit considered this issue and held the district Jjdge properly denied Blevins's motion to suppress the evidence discovered during the search made pursuant to her arrest. See Blevins, 755 F.3d at 324-26.

To the extent this issue was raised on direct appeal, it is beyond the narrow scope of Section 2255 review and should be dismissed. See, Segler, 37 F.3d at 1134; see also, Kalish, 780 F.2d at 508. To the extent Blevins raises new issues concerning fabrication of videos one year after they were alleged to have been taken, Blevins has not adduced any evidence to prove that claim.

Therefore, Blevins has not carried her burden of proving she is entitled to habeas relief.

### 6. Unconstitutional Search and Seizure

Blevins contends her convictions were obtained by use of evidence gained pursuant to an unconstitutional search and seizure. Blevins alleges her arrest warrant was a "false" warrant and the evidence seized pursuant to her arrest was "fruit of the poisonous tree."

As stated above, the Fifth Circuit considered these issues on direct appeal and found Blevins's arrest warrant was valid and the evidence seized pursuant to the subsequent search was admissible. Blevins, 755 F.3d at 324-325. Therefore, these issues should not be revisited on collateral review. See, Segler, 37 F.3d at 1134; see also, Kalish, 780 F.2d at 508.

### 7 & 10. Convictions on Counts 2 and 3

Blevins contends she was found guilty of crimes for which she was not tried and which are not federal offenses–possession of a firearm during a drug-trafficking offense and possession of a firearm by a convicted felon. Blevins further contends the judgments and sentences on Counts 2 and 3 should be overturned for ambiguity.

The offenses of possession of a firearm during a drug-trafficking offense, 18 U.S.C. § 924, and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g), are both federal offenses.

Blevins also complains that the judgment for Count 3, possession of a firearm by a convicted felon, is ambiguous because it also cites 18 U.S.C. § 924. The penalties for possession of a firearm by a convicted felon, 18 U.S.C. § 922(g), are set forth in § 924(a)(2).

Therefore, there was no ambiguity in the charges, or in the judgment and sentences.

### 8. Continuance

Blevins argues the trial court abused its discretion when it refused to grant Blevins's request for a continuance. Blevins contends that, as a result, she was convicted with evidence obtained pursuant to an unconstitutional arrest, search, and seizure, because the evidence supporting her arrest warrant was fabricated.

As previously discussed, Blevins has not shown that any evidence used against her was fabricated. Blevins, 755 F.3d at 324-325. Moreover, the Fifth Circuit upheld the validity of Blevins's arrest and the subsequent search and seizure. Blevins, 755

F.3d at 324-25. Therefore, Blevins has not carried her burden of proving she is entitled to habeas relief.

### 9. Brady Material

Blevins's contends her conviction was obtained pursuant to the unconstitutional failure of the prosecution to disclose evidence that was favorable to Blevins during the motion to suppress and trial. Blevins contends the prosecutors refused to provide Blevins with viewable copies of the video surveillance tapes, and intentionally provided Blevins with recordings in which the view was distorted and the audio "construed."

In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. See Wilson v. Whitley, 28 F.3d 433, 434 (5th Cir. 1994), cert. den., 513 U.S. 1091 (1995) (citing U.S. v. Bagley, 473 U.S. 667, 682 (1985)). In order to establish that evidence falls within the purview of Brady, a petitioner must establish that the evidence was (1) suppressed, (2) favorable, and (3) material. See Williams v. Whitley, 940 F.2d 132, 133 (5th Cir. 1991).

The determinative question is whether the evidence was material; that is, whether there is a reasonable probability that, had the report been disclosed to the defendant, the result of the proceeding would have been different. See Wilson, 28 F.3d at 434 (citing Bagley, 473 U.S. at 682). A reasonable probability is a probability sufficient to undermine confidence in the outcome. See Spence v. Johnson, 80 F.3d

989, 994 (5th Cir. 1996), cert. den., 519 U.S. 1012 (1996)(citing Bagley, 413 U.S. at 682). The materiality of Brady material depends almost entirely upon the value of the evidence relative to the other evidence mustered by the state. See Wilson, 28 F.3d at 439.

The government did not suppress the videos. The audio/video tapes were reviewed by the magistrate judge at the hearing on the motion to suppress in the 2011 case (Doc. 96 in Case No. 3:11-CR-00012). Blevins received copies of the videos that were introduced at the hearing on her motion to suppress. Blevins has not shown that better videos actually existed.

The magistrate judge carefully noted the contents of the tapes in her Report and Recommendation (Doc. 41 in Case No. 3:11-CR-00012). The tapes were not favorable, nor were they particularly incriminating because Blevins's face was not in any of the videos. There was a woman in the videos who may or may not have been Blevins, and only one video was of a drug sale that took place at Blevins's residence. For that reason, the videos were not introduced at Blevins's trial.

The videos were not introduced into evidence at trial, nor were they used to secure the arrest warrant (Doc. 136). Blevins's convictions were based on the testimony of a State Police officer who was assigned to the investigation and testified as to Blevins's arrest, the search of her residence, and her confession; a forensic chemist who tested the narcotics seized in the five drug sales and from Blevins's residence; and an agent with the U.S. Bureau of Alcohol, Tobacco, Firearms and

15

Explosives who testified as to the pistol and ammunition seized from Blevins's residence (Doc. 136).

Since Blevins has not shown there were better videos that were exculpatory, Blevins has not shown the government suppressed exculpatory evidence.

## Conclusion

Based on the foregoing, IT IS RECOMMENDED that Blevins's § 2255 motion to vacate, set aside or correct sentence (Doc. 172) be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except

upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 5th day of May 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge