UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 12-00142** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHONDOLYN ROCHELLE BLEVINS** | **MAG. JUDGE JOSEPH PEREZ-MONTES** |

**MEMORANDUM ORDER**

Pending before the Court is a "Motion for Court's Permission to Amend 28 U.S.C. 2255"[Doc. No. 202] filed by Defendant Shondollyn Rochelle Blevins ("Blevins"). Blevins moves the Court to allow her to raise an additional ground for relief under 28 U.S.C. § 2255: that her appellate counsel was ineffective for failing to "investigate and bring to the appeal court's attention an argument that the trial court's jury charge, instruction to the jury and repeatedly confusing the two (2) crimes set forth under 924(c) confused the jury and deprived her of a unanimous jury verict[.]" *Id.* She further moves the Court "for permission to incorporate by reference Docket No. #67 of Blevins I 3:11-CR-0012." *Id.*

First, in its June 17, 2016 Order [Doc. No. 195], the Court granted Blevins' Motion to Incorporate [Doc. No. 193], specifically stating that the documents in Docket No. 11-00012 are in the public record and were considered by the Court prior to ruling on Blevins' Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2255. Thus,

IT IS ORDERED that this portion of Blevins' motion is DENIED AS MOOT.

Second, to the extent that Blevins moves to include an additional claim for relief under § 2255, the Court has no jurisdiction to grant her motion. On June 17, 2016, the Court issued a

Judgment [Doc. No. 196] adopting the Report and Recommendation [Doc. No. 190] and denying Blevins' Petition. Thus, there is no pending § 2255 Petition in this Court.

Blevins does not state a basis for her motion to amend. Under Federal Rule of Civil Procedure 60(b)(6), a party may move the Court for relief from judgment for "any other reason that justifies relief."[1] However, if a prisoner is moving the Court to set aside her conviction on constitutional grounds, courts in the Fifth Circuit treat such a motion as a successive petition pursuant to 28 U.S.C. § 2244(b). *Hess v. Cockrell*, 281 F.3d 212, 214 (5th Cir.2002) ("We have stated that Rule 60(b) motions seeking to amend or alter the judgment of a first habeas proceeding 'should be construed as successive habeas petitions.'") (quoting *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir.1998)); *United States v. Rich*, 141 F.3d 550, 551 (5th Cir.1998) ("courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 petitions"). Unlike an earlier motion, Blevins does not move the Court to reconsider its judgment, but seeks to raise an additional ground for relief, which challenges the same conviction and sentence as the original Petition and which could have been raised in that Petition.

Federal courts are courts of limited jurisdiction, and Blevins must have statutory authority for the filing of her motion. *See Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). Blevins is moving the Court to consider an additional ground for relief under § 2255, but she previously filed a § 2255 Petition in this Court which has been dismissed. A petition is considered "second or successive" if it raises a claim that was or could

---

[1] Rule 60(b)(1)-(5) provide specific reasons for setting aside a judgment, but Blevins has offered no reason for her motion. Therefore, the Court can only assume she sought relief under the catchall provision of Rule 60(b)(6).

have been raised in an earlier petition. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003). A district court has no jurisdiction to consider a second and successive habeas claim. Instead, Blevins must seek authorization from the United States Court of Appeals for the Fifth Circuit to file a successive petition pursuant to 28 U.S.C. § 2255(h). Accordingly,

IT IS ORDERED that the portion of her motion seeking to amend her Petition is construed as a second and successive § 2255 petition and is DENIED for lack of jurisdiction. The Court's denial is without prejudice to Blevins' right to file a motion with the Fifth Circuit seeking leave to file a successive § 2255 petition.

MONROE, LOUISIANA, this 1st day of August, 2016.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE