UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. ACTION NO. 3:12-00142** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **SHONDOLYN BLEVINS** | **MAG. JUDGE JAMES D KIRK** |

### MEMORANDUM RULING

Pending before the Court is a Motion to Reduce Sentence or Compassionate Release [Doc. No. 218] filed by Shondolyn Blevins ("Blevins") on July 18, 2022. The Government filed a Response to the Motion on August 12, 2022 [Doc. No. 223]. Blevins has not filed a Reply.

For the reasons set forth herein, Blevins' Motion for Compassionate Release [Doc. No. 218] is **DENIED**.

    **I.**    **Background**

On August 29, 2012, a jury found Blevins guilty as charged on all three counts against her. Blevins was charged with intent to distribute twenty-eight (28) grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); possession of a firearm in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A); and unlawful possession and transportation of a firearm in violation of 18 U.S.C. § 922(g)(1) [Doc. Nos. 1, 93]. Blevins was sentenced on January 7, 2013. Blevins was sentenced to serve 120 Months as to Count One, 60 Months as to Count Two to run consecutively with Counts One and Three, and 110 months as to Count Three to run concurrently with Count One [Doc. No. 109—Judgment]. Blevins appealed to the United States Court of Appeals for the Fifth Circuit. The Fifth Circuit Affirmed in Part, Vacated in Part, and Remanded in Part the Court's Judgment [Doc. No. 155]. Blevins was

resentenced on January 8, 2015, for a total term of 92 Months as to Count One, 92 Months as to Count 3 to run concurrently to Count One, and 60 Months as to Count 2 to run consecutively to the concurrent terms imposed on Counts One and Three [Doc. No. 170]. She has served just over 10 years of her sentence. Blevins' project release date is April 11, 2024 [Doc. No. 223].

On May 23, 2022, Blevins filed a motion for compassionate release to the Warden of FDC SeaTac [Doc. No. 223-2]. On June 13, 2022, the Warden of FDC SeaTac denied the motion [Doc. No. 223-3, p1]. On July 18, 2022, Blevins filed the instant Motion [Doc. No 218].

## II.     Jurisdiction

The First Step Act, 18 U.S.C. § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release. However, before filing a motion with the court, prisoners must exhaust their administrative remedies with the Bureau of Prisons ("BOP").

## III.    Parties' Arguments

Blevins asserts the extraordinary or compelling circumstances that warrant consideration of her release are the following: (1) the COVID 19 pandemic and the CDC's prediction of a resurgence of COVID-19, as well as the new BA5 strain; (2) she has been a smoker for over 20 years; (3) she is fifty (50) years old; (4) she has high cholesterol and high blood pressure; (5) she has been sexually assaulted by the prison staff; (6) inmates refusing to wear their mask or social distance puts her at higher risk contracting COVID-19; and (7) since testing positive for COVID-19 in 2020, her health has deteriorated causing her to have the high cholesterol, high blood pressure, migraines and the shakes resulting in her having to take four medications.

While the Government concedes that Blevins has exhausted her administrative remedies, it maintains that she is not entitled to relief. First, the Government argues that Blevins has failed to identify "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. §

3582(c)(1)(A). Second, the Government argues that alternatively Blevins' motion should be denied because the 18 U.S.C. §3553(a) factors weigh against her release.

### IV. Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2). Blevins moves to modify her sentence under 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. The First Step Act, § 3852(c)(1)(A), now allows prisoners to directly petition courts for compassionate release, upon exhausting their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

### A. Extraordinary and Compelling Circumstances

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

    (1)    extraordinary and compelling reasons warrant the reduction; ….

    (2)    the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    (3)    the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as one broader provision for reasons deemed "extraordinary and compelling":

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A)    <u>Medical Condition of the Defendant</u>.—
>
>     (i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.
>
>     (ii) The defendant is—
>
>         (I)   suffering from a serious physical or medical condition,
>
>         (II)  suffering from a serious functional or cognitive impairment, or
>
>         (III)) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B)    <u>Age of the Defendant</u>.—The defendant

        (i)        is at least 65 years old;

   (ii)      is experiencing a serious deterioration in physical or mental health because of the aging process; and

        (iii)     has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C)      <u>Family Circumstances</u>.

        (i)       The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)      The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)  <u>Other Reasons</u>.

        As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release.") (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

**B.     Analysis**

None of the circumstances presented by Blevins are sufficient to qualify as being "extraordinary and compelling." This Court finds that Blevins has failed to meet her burden of showing that extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A) to modify her prison sentence. The statute requires that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission," and Blevins does not meet the criteria set forth in the policy statement.

**1.     Risk of COVID-19**

The Court finds that the COVID-19 pandemic is not an extraordinary and compelling reason to grant Blevin's the requested relief.

Courts have repeatedly held that fear of COVID-19 is not enough to constitute an extraordinary and compelling reason to grant a modification of a prison sentence and this Court is no different. *See United States v. Thompson* 984 F3d 431. Blevins medical conditions of high cholesterol, high blood pressure, migraines, and "the shakes" are not among the medical conditions that the CDC has identified that put someone at higher risk of severe COVID-19.[1] Additionally, Blevins has been fully vaccinated, and courts have held that COVID-19 vaccinations are grounds for denying a motion for compassionate release based on COVID-19. *See United States v. Isidaehomen* 2021 WL 243458, *See also United States v Beltran,* 2021 WL 398481.

Blevins' concern of contracting COVID-19 due to inmates not wearing a mask or following social distancing is also not an extraordinary and compelling reason. Courts have consistently held that "[g]eneral concerns about possible exposure to COVID-19 do not meet

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions (last visited 8/24/2022).

the criteria for extraordinary and compelling reasons for a reduction in sentence….'" *United States v. Clark*, Crim. Action No. 17-85-SDD-RLB, 2020 WL 1557397, at *6 (M.D. La. April 1, 2020). See also *United States v. Raia*, 954 F3d 594, 597 (3d Cir. 2020) (holding that the spread of COVID-19 alone "cannot independently justify compassionate release, especially considering the BOP's role, and its extensive and professional efforts to curtail the virus's spread).

The only medical condition as identified by the CDC that could put Blevins at a heightened risk of complications due to COVID-19 is that she has been a smoker for over twenty (20) years. However, the fact that she has been fully vaccinated and received the booster shot means that the effects of COVID-19 on this condition are mitigated. Additionally, courts have held that a preexisting condition that creates a heightened risk of complications due to COVID-19 is not enough to me the extraordinary and compelling standard as set by the policy statement. *See United States v. Roberts,* Crim Action No. 15-00135-01, 2022 WL 2130999, at *3 (W.D. La. May 5, 2020) ("[Inmate's] proffered reason of hypertension fails to meet the standard for compassionate release based upon medical condition of the defendant."); *see also United States v. Chia Jean Lee,* No. 4:17-CR-9, 2020 WL 3051055, at *2,4 (E.D. Tex. June 5, 2020) (holding that a prisoner seeking compassionate release and suffering from fibromyalgia, gastroesophageal reflux disease, migraines, psoriasis, rosacea, severe vitamin D deficiency, osteoporosis, sciatic pain, neuropathy, frequent upper respiratory infections, hearing loss, cataract, severe hemorrhoids, and a lump in the neck failed to show "necessary circumstances to warrant relief") At this point, Blevins only has general concerns about COVID-19 and exposure thereof, and she is not entitled to compassionate release for this reason alone. Even in light of COVID-19 concerns, Blevins fails to show that her current condition is sufficiently

severe to diminish her ability to provide self-care. *See United States v. Mazur*, Crim Action No. 18-68. 2020 WL 2113613, at *1, 3-4 (E.D. La. May 4, 2020) (denying release despite COVID-19 concerns because "[defendant's] illnesses are not terminal and he does not allege that his medical conditions substantially dimmish his ability to provide self-care in prison").

### 2. Medical Conditions

Do Blevins' medical conditions of high cholesterol, high blood pressure, migraines and "the shakes" constitute terminal illnesses? This Court finds that they do not. U.S.S.G. § 1B1.13, defines a terminal illness as one that is "a serious and advanced illness with an end of life trajectory." Millions of people diagnosed with high cholesterol and high blood pressure live long lives when these conditions are properly treated and managed with the right medications. Blevins makes no assertion that these conditions are not being managed by medication. Additionally, this Court is not aware of any cases where migraines and/or "the shakes" have ever been medically classified as terminal. Therefore, this Court finds that Blevins medical conditions are not extraordinary or compelling reasons to grant a modification of her sentence.

### 3. Age Factor

The Court finds that Blevins' age is not an extraordinary and compelling reason to modify her prison sentence. Blevins is fifty (50) years old. Her age does not meet the age requirement of sixty-five (65) or older in 18 U.S.C § 3582(c)(1)(A). Therefore, the Court finds that her age is not an extraordinary and compelling reason to grant the instant Motion.

### 4. Sexual Assault

The Court acknowledges Blevins' assertion that sexual assault is another reason why she is entitled to compassionate release. The Court recognizes the seriousness of sexual assault. However, the Court cannot address this argument in this type of motion.

### C. Danger to the community

Moreover, even if Blevins were to meet her burden based on her medical condition(s) or other assertions, the Court must also consider whether she remains a danger to the community.

The Court finds that Blevins has not demonstrated that release is appropriate in light of the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); *Shkambi,* 2021 WL 1291609 at, * 3 (noting that one of the requirements for relief the FSA left undisturbed was the defendant "convince the district judge the exercise discretion to grant the motion after considering the § 3553(a) factors"); *see also, United States v. Chambliss,* 948 F.3d 691, 694 (5th Cir. 2020) (affirming the denial of compassionate release where the district court properly relied on the fact that an inmate suffering from terminal cancer had a violent criminal history, and had committed a violent offence, and had served less than half the sentence imposed).

The Court must consider whether a prisoner remains a danger to the community before granting compassionate release, as required by U.S.S.G. § 1B1.12(2), which refers to 18 U.S.C. § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be

9

posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed –

    A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    B. to afford adequate deterrence to criminal conduct; [and]

    C. to protect the public from further crimes of the defendant; …

While Blevins does not assert whether she will be a danger to society if released in her request, she does include a release plan for if she is released. The Court will consider Blevins' plan upon release as her assertion that she will not pose as a danger to the community.

Blevins asserts that if released, she will stay with a family member in Monroe, Louisiana, until she can gain suitable employment, and that she has two thousand dollars in pre-release savings. Even assuming such an assertion by Blevins, this Court is not convinced that this is enough of a deterrent for her to status as a danger to the community upon release.

Blevins was charged with, found guilty of, and sentenced to possession of a firearm in furtherance of drug trafficking. The court notes that this crime is inherently dangerous due to its high propensity for violence. Since her conviction, Blevins has shown this propensity for violence in her disciplinary record. Blevins has received ten (10) citations for fighting with other inmates (two citations for assault with serious injury); nine (9) citations for refusing to obey an order; and four (4) citations for being insolent to a staff member. [Doc. No. 223-7].

Given Blevins' poor history of behavior while incarcerated and the serious nature of her crimes, the 18 U.S.C. § 3553(a) factors weigh against her release.

### V. Conclusion

For the reasons set forth above, Shondolyn Blevins Motion for Compassionate Release due to COVID-19 [Doc. No. 218] is **DENIED**.

MONROE, LOUISIANA, this 26th day of August, 2022.

_____
Terry A. Doughty
United States District Judge